```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION


ROSSCO HOLDINGS INCORPORATED,    §
                                 §
          Plaintiff,             §
                                 §
v.                               §   CIVIL ACTION NO. H-06-0155
                                 §
BEST WESTERN INTERNATIONAL       §
INC.,                            §
                                 §
          Defendant.             §
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Rossco Holdings Incorporated ("Rossco"), filed this action in Texas state court against defendant, Best Western International, Inc. ("Best Western"), alleging wrongful termination and breach of fiduciary duty/special relationship arising from the alleged breach of a Membership Agreement between the parties. Best Western removed the case to this court asserting diversity jurisdiction under 28 U.S.C. § 1332.[1]  Pending before the court are defendant's Motion to Dismiss or to Transfer Venue (Docket Entry No. 3), and Plaintiff's Response to Defendant's Motion to Dismiss or to Transfer Venue (Docket Entry No. 5).  For the reasons explained below, the court will deny defendant's Motion to Dismiss or to Transfer Venue.

---

[1] Plaintiff's Original Petition, contained in Defendants' Notice of Removal, Docket Entry No. 1, Exhibit B attached thereto.

## I.  Analysis

Best Western argues that this case should be dismissed under Rule 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue.  In the alternative, Best Western moves to transfer the case to the District of Arizona.

**A.   Dismissal Under 28 U.S.C. § 1406(a)**

Best Western seeks to have this action dismissed for improper venue because Rossco consented to jurisdiction and venue in Maricopa County, Arizona, by virtue of the Membership Agreement between the parties.[2]  Best Western makes this motion pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a).  Although the Fifth Circuit has not yet addressed the "enigmatic

---

[2] The membership agreement provides as follows:

> Applicant acknowledges that Best Western is headquartered in Phoenix, Arizona, that the majority of Best Western's records and employees are in Phoenix, Arizona, and that Phoenix, Arizona is the most convenient locale for actions between Best Western and Applicant.
>
> UNLESS WAIVED BY BEST WESTERN IN WHOLE OR IN PART, THE COURTS LOCATED IN THE STATE OF ARIZONA, STATE OR FEDERAL, SHALL HAVE EXCLUSIVE JURISDICTION TO HEAR AND DETERMINE ALL CLAIMS, DISPUTES AND ACTIONS ARISING FROM OR RELATED TO THE APPLICATION PROCESS, THIS MEMBERSHIP APPLICATION AND AGREEMENT OR TO ANY RELATIONSHIP BETWEEN THE PARTIES HERETO AND VENUE SHALL BE IN THE COURTS LOCATED IN MARICOPA COUNTY, ARIZONA.  APPLICANT EXPRESSLY CONSENTS AND SUBMITS TO THE JURISDICTION OF SAID COURTS AND TO VENUE BEING IN MARICOPA COUNTY, ARIZONA.

Best Western International Membership Application and Agreement, ¶ 38, contained in Defendant's Notice of Removal, Docket Entry No. 1, Exhibit B.

question of whether motions to dismiss on the basis of forum selection clauses are properly brought as motions under Fed. R. Civ. P. 12(b)(1) [or] 12(b)(3)," it has determined that such motions may be properly brought under 12(b)(3).  Lim v. Offshore Specialty Fabricators, Inc., 404 F.3d 898, 902 (5th Cir. 2005) (internal quotation omitted).  A Rule 12(b)(3) motion to dismiss for improper venue is the procedural vehicle by which to challenge improper venue.  The requirements of venue are not contained in the Rules of Civil Procedure, but are set by statute, as are the remedies for improper and inconvenient venue.  Kerobo v. Southwestern Clean Fuels, Corp., 285 F.3d 531, 538 (6th Cir. 2002). Rossco argues that 28 U.S.C. § 1404(a), not § 1406(a), is the proper venue rule to apply to a motion for dismissal pursuant to a forum selection clause.

Forum selection clauses specifying a mandatory venue for the litigation of a dispute "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  M/S Bremen v. Zapata Off-Shore Co., 92 S.Ct. 1907, 1913 (1972).  In this case the clause specifies that the parties will submit to the "exclusive" jurisdiction of the courts, either federal or state, in Arizona. The forum selection clause designates Maricopa County, Arizona, as a mandatory, not permissive, venue.  See Caldas & Sons, Inc. v. Willingham, 17 F.3d 123, 127-28 (5th Cir. 1994).

But in this case the analysis does not end there. Because defendants removed this action from a state court within this district and division removal was proper under 28 U.S.C. § 1441(a). Dismissal under § 1406(a), which allows dismissal when venue is laid in the "wrong" district, is therefore not the proper method for enforcing the forum selection clause. See Polizzi v. Cowles Magazines, Inc., 73 S.Ct. 900, 902-03 (1953). Instead, the court may enforce the forum selection clause by using it as a factor in a § 1404(a) balancing analysis, despite the fact that the defendants brought their motion under 28 U.S.C. § 1406(a).

The forum selection clause in this case permits venue in either state or federal court. It is well-settled law in the Fifth Circuit that a forum selection clause requiring exclusive venue in a state court triggers application of the Bremen test to determine if an action should be dismissed. International Software Systems, Inc. v. Amplicon, Inc., 77 F.3d 112, 114-15 (5th Cir. 1996). It is also well-settled that in diversity cases motions to transfer venue pursuant to a forum selection clause are analyzed under 28 U.S.C. § 1404(a). Stewart Org., Inc. v. Ricoh Corp., 108 S.Ct. 2239, 2245 (1988). Stewart instructs courts to make an individualized determination of convenience and fairness by "weigh[ing] in the balance a number of case-specific factors," including the significant factor of the forum selection clause. Id. at 2244. The Fifth Circuit has not yet addressed whether Stewart's balancing test

-4-

applies to motions to dismiss when the forum selection clause permits suit to be brought in either state or federal court. See Amplicon, 77 F.3d at 115 (leaving the question unresolved).

In Stewart the Supreme Court held that in evaluating a motion to transfer venue pursuant to a forum selection clause § 1404(a), not Bremen, was the proper standard to apply. The Stewart court did not specifically address whether a § 1404(a) motion to transfer was preferable over a § 1406 motion to dismiss for enforcement of a forum selection clause. Stewart, 108 S.Ct. at 2243. The Court did, however, state that "[t]he parties do not dispute that the District Court has properly denied the motion to dismiss the case for improper venue under 28 U.S.C. § 1406(a) because the respondent apparently does business in the Northern District of Alabama." Id. at 2243 n.8.

The Fifth Circuit addressed this issue in Amplicon. The Fifth Circuit held that Bremen applies, and a motion to dismiss was the proper method to enforce a forum selection clause when a state court is the forum chosen in the forums selection clause. Amplicon, 77 F.3d at 115. The court stated that "[a]lthough we would prefer to apply the same Stewart balancing in diversity cases to motions to dismiss and motions to transfer, the other federal courts have decided otherwise and continue to apply Bremen[.]" Id. The court expressed its desire to avoid a circuit split, and cited other circuits' use of Bremen for motions to dismiss on the basis of forum selection clauses in diversity cases. The court then noted that some cases in other circuits have treated a motion to

-5-

dismiss as a motion to transfer, but distinguished these cases by stating that "these cases, unlike our own, did not involve a forum selection clause that limited the agreed venue to a state court." Id.

This case presents the situation the Fifth Circuit took pains to distinguish in Amplicon. Several federal district courts in this circuit have addressed the issue and have held that when transfer to another federal court is an available option, Stewart, not Bremen, is the proper analytical guide. Southeastern Consulting Group, Inc. v. Maximus, Inc., 387 F.Supp.2d 681, 683-84 (S.D. Miss. 2005); Speed v. Omega Protein, Inc., 246 F.Supp.2d 668, 671 (S.D. Tex. 2003); Dorsey v. Northern Life Ins. Co., 2004 WL 2496214, at *9 (E.D. La. 2004); Lafarque v. Union Pacific R.R., 154 F.Supp.2d 1001, 1004 (S.D. Tex. 2001); Brock v. Baskin-Robbins USA Co., 113 F.Supp.2d 1078, 1084-85 (E.D. Tex. 2000).[3] The court is persuaded that the cited opinions represent the correct view of the law and that when venue is otherwise proper in a federal district court, the proper procedure to enforce a forum selection clause that provides for suit in another federal court is through § 1404(a) and Stewart's balancing test.

---

[3]Although the majority of district courts in this circuit apply Stewart in these circumstances, this opinion is not unanimous. See Vartec Telecom, Inc. v. BCE Inc., 2003 WL 22364302 at *6 (N.D. Tex. 2003) (applying holding of Amplicon to situations where transfer to a federal forum is an alternative).

**B.     Transfer Under 28 U.S.C. § 1404(a)**

Section 1404(a) provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).  Section 1404(a) requires an individualized, case-by-case analysis of convenience and fairness.  The court must consider several factors, both private and public, none of which are given dispositive weight.  In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004).  The presence of a forum selection clause is "a significant factor that figures centrally in the district court's calculus."  Stewart, 108 S.Ct. at 2244.

The moving party bears the burden of proving by a preponderance of the evidence that a transfer is proper in light of the circumstances surrounding the case.  Southeastern Consulting, 387 F.Supp.2d at 684-85.  In this case Best Western has not asserted any reason why the case should be transferred except for the existence of the forum selection clause.  Best Western has therefore not met its burden of proof.  Although the forum selection clause is a factor in the transfer analysis, it is not alone sufficient to justify transfer.  A forum selection clause "should receive neither dispositive consideration . . . nor no consideration . . ., but rather the consideration for which Congress provided in § 1404(a)."  Stewart, 108 S.Ct. at 2245.  Rossco argues that Texas is a more convenient forum than Arizona,

citing the location of witnesses and property in Texas, as well as potential hardship to it as a small business of litigating in Arizona, where it has no business presence.  Given Rossco's argument and Best Western's lack of argument on any § 1404(a) factors beyond the forum selection clause, the court is persuaded that Best Western has failed to meet its burden of proof.

## II.  Conclusions and Order

For the reasons explained above, defendant's Motion to Dismiss or Transfer Venue (Docket Entry No. 3) is **DENIED**.

**SIGNED** at Houston, Texas, on this 18th day of April, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE